IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Dawna Holland-Mull, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Southwest Credit Systems, L.P., a Texas limited partnership, Trigon Investors, LLC, a Texas limited liability company, Jeff A. Hurt, Joe C. Longbotham, and Does 1 to 100,<br><br>Defendants. | Civil Case No.<br><br>**PLAINTIFF DAWNA HOLLAND-MULL'S CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Dawna Holland-Mull ("Holland-Mull" or "Plaintiff"), by her attorneys, makes this complaint against Defendants Southwest Credit Systems, L.P. ("SWC"), Trigon Investors, LLC ("Trigon"), Jeff A. Hurt, and Joe C. Longbotham, and Does 1 to 100 (collectively, "Defendants"). Holland-Mull's allegations are based on information and belief, except to her own actions, which are based on knowledge. Holland-Mull's information and belief are based on the investigation of her counsel, and facts that are a matter of public record.

### Introduction

1. Plaintiff filed a petition for voluntary bankruptcy under Chapter 7 jointly with her husband in May 2011, and received her discharge in September 2011. Her bankruptcy is a matter of public record. *Cf. In re Mull*, No. 11-bk-26948 (C.D. Cal. Bankr. Sept. 9, 2011).

2. SWC is a debt collector. It has sought to collect a debt from Plaintiff, despite receiving notice that this debt was discharged in Plaintiff's bankruptcy. In particular, SWC has threatened to report the debt as "due" to credit reporting agencies unless Plaintiff pays the debt.

3. SWC's efforts to collect a discharged debt violate the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p) ("'FDCPA"). In particular, SWC violated the FDCPA's prohibitions on false representations of the "legal status of any debt," "threat[s] to take any action that cannot legally be taken," and/or "threatening to communicate to any person credit information which is known or which should be known to be false." 15 U.S.C. § 1692e(2)(A), (5), (8).

4. Given the nature of the debt collection industry, SWC's failure to abstain from collecting a debt from Holland-Mull suggests that SWC's conduct is routine and has affected a class of consumers.

5. Holland-Mull brings a class action against Defendants on behalf of a class of consumers to whom SWC sent any letter which seeks to collect a debt previously discharged in bankruptcy by threatening to report such debt as "due" to credit reporting agencies unless the debt is paid. Holland-Mull seeks remedies including declaratory and injunctive relief, statutory damages, and attorneys' fees for herself and the other members of the class, under 15 U.S.C. § 1692k.

6. Holland-Mull also seeks actual damages, statutory damages, injunctive relief, and costs and attorneys' fees for a subclass of California residents under California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") (Cal. Civ. Code §§ 1788-1788.33) and California's Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code §§ 1785.1-1785.36).

**Parties**

7. Plaintiff Harold Holland-Mull is a natural person residing in Riverside County, California.

8. Defendant Southwest Credit Systems, L.P. is a Texas limited partnership which lists its mailing address and the address of its registered agent with the Texas Secretary of State as 4120 International Parkway, Suite 1100, Carrollton, Texas 75007-1958. SWC lists Jeff Hurt as its registered agent. SWC uses the instrumentalities of interstate commerce and the mails for the principal purpose of collecting debts (or alleged debts) which are primarily for personal, family, or household purposes. SWC regularly collects or attempts to collect alleged debts owed or due or asserted to be owed or due another. SWC is debt collector under the definition of 15 U.S.C. § 1692a(6).

9. Trigon Investors, LLC ("Trigon") is a Texas limited liability company which lists its mailing address with the Texas Secretary of State as 4120 International Parkway, Suite 1100, Carrollton, Texas 75007-1958 (i.e., the same address as SWC). Trigon lists Jeff Hurt as its registered agent and lists address of its registered agent as 2222 High Point Drive, Carrollton, Texas 75007. On information and belief, Trigon is SWC's general partner, and it regularly uses the instrumentalities of interstate commerce and the mails to indirectly collect debts (or alleged debts) which are primarily for personal, family, or household purposes. Trigon is vicariously liable for SWC's acts alleged herein as SWC's general partner and as principal is liable for the acts of its agent.

10. Jeff A. Hurt is a natural person. On information and belief, Hurt is a manager and director of Trigon, has an ownership interest in both Trigon and SWC, and regularly uses the instrumentalities of interstate commerce and the mails to indirectly collect debts (or alleged debts) which are primarily for personal, family, or household purposes. On information and belief, Hurt is vicariously liable for SWC's acts alleged herein as a principal is liable for the acts of his agent, and because Hurt materially participated or was personally involved in collecting

the debts at issue, exercised control over SWC's business, or was regularly engaged, directly and indirectly, in the collection of debts.

11. Joe C. Longbotham is a natural person. On information and belief, Longbotham is a manager and director of Trigon, has an ownership interest in both Trigon and SWC, and regularly uses the instrumentalities of interstate commerce and the mails to indirectly collect debts (or alleged debts) which are primarily for personal, family, or household purposes. On information and belief, Longbotham is vicariously liable for SWC's acts alleged herein as a principal is liable for the acts of his agent, and because Longbotham materially participated or was personally involved in collecting the debts at issue, exercised control over SWC's business, or was regularly engaged, directly and indirectly, in the collection of debts.

12. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend the complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by plaintiff.

13. Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners, and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or

implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

14.  All Defendants, including Does 1 through 100, are collectively referred to as "Defendants." The Defendants specifically include anyone who owns, holds title to, or has a beneficial interest (directly or indirectly) in SWC.

15.  Whenever the complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## Jurisdiction and Venue

16.  Holland-Mull asserts federal claims under the FDCPA. This Court has subject matter jurisdiction over those claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court also has supplemental jurisdiction over the other claims under 28 U.S.C. § 1367(a) because they are sufficiently related to the FDCPA claims that they are part of the same case or controversy.

17.  The Court also has personal jurisdiction over the Defendants because Defendants' reside, and because their liability arose, in Denton County, Texas. Venue is also proper before this Court under 28 U.S.C. § 1391(b).

## Plaintiff's Individual Allegations

18.  Plaintiff filed a petition for voluntary bankruptcy under Chapter 7 jointly with her husband in May 2011, and received her discharge in September 2011. *Cf. In re Mull*, No. 11-bk-26948 (C.D. Cal. Bankr. Sept. 9, 2011).

19.  On or about June 7, 2013, SWC sent a letter seeking to collect a debt. Whatever

other defenses Plaintiff might assert as to this alleged debt, Plaintiff alleges on information and belief that it predates 2011 and was therefore discharged in her 2011 bankruptcy. A true and correct copy of this letter has been attached to this complaint as Exhibit A (except that counsel has redacted certain information to protect Plaintiff's privacy and comply with Rule 5.2, and that Plaintiff made some handwritten notes on the letter). The June 2013 letter states that the "Total Amount Due" on the debt is $979.84, and purports to notify Plaintiff "that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

20. Shortly after receiving this letter, Plaintiff telephoned SWC at (800) 462-3804 and advised that this debt was discharged in the 2011 bankruptcy. The SWC representative who answered Plaintiff's call asserted that the discharge did not apply to SWC because SWC was not named in the bankruptcy petition. Plaintiff ultimately sent a copy of her bankruptcy papers to SWC to confirm her bankruptcy.

21. On or about July 19, 2013, after Plaintiff alerted SWC to her bankruptcy, SWC sent another letter seeking to collect the same debt dated July 19, 2013. The July 2013 letter also states that the "Total Amount Due" on the debt is $979.84, and purports to notify Plaintiff "that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations." A true and correct copy of this letter has been attached to this complaint as Exhibit B (except that counsel has redacted certain information to protect Plaintiff's privacy and comply with Rule 5.2, and that Plaintiff made some handwritten notes on the letter).

22. Plaintiff alleges on information and belief that SWC has made other attempts to collect the debt after the point in time when SWC knew or should have known that the alleged

debt at issue had been discharged.

## Class Certification Allegations

23. **Class Definition:** Holland-Mull brings this Complaint against SWC, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the class of

> all natural persons to whom SWC sent a letter (within one year prior to the date of this complaint) which asserts that a debt is "due" and which asserts to the recipient "that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations," where such debt had been discharged in bankruptcy at the time SWC sent such letter (the "Class").

Members of the Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice. Members of the Class can be readily identified through SWC's records and/or the public record.

24. **Subclass Definition:** Holland-Mull brings this Complaint against SWC, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the subclass of

> all Class members residing in California at the time SWC sent the letter referenced in the Class definition (the "Subclass").

Members of the Subclass can be readily identified through SWC's records and/or the public record.

25. **Numerosity:** The exact number of members of the Class and Subclass is unknown and is not available to Holland-Mull at this time, but such information is readily ascertainable by Defendants. Based on the automated nature debt collection, Holland-Mull believes that the Class and Subclass number more than forty members each. Therefore, individual joinder of all members of the Class and Subclass is likely to be impracticable.

26. **Commonality:** Common questions of fact and law exist as to all Class members and predominate over the questions affecting only individual Class members. Identification of

Case 4:14-cv-00336   Document 1   Filed 05/23/14   Page 8 of 16 PageID #:  8

the individuals who qualify as a Class member will be sufficient to establish liability to the Class member. Similarly, common questions of fact and law exist as to all Subclass members and predominate over the questions affecting only individual Subclass members. Identification of the individuals who qualify as a Subclass member will be sufficient to establish liability to the Subclass member.

27.     **Typicality:** Holland-Mull's claims are typical of the claims of the other members of the Class and/or Subclass. Holland-Mull is not different in any relevant way from any other Class and/or Subclass member, and the relief she seeks is common to the Class and/or Subclass.

28.     **Adequate Representation:** Holland-Mull will fairly and adequately represent and protect the interests of the other Class and Subclass members: her interests do not conflict with the interests of the Class or Subclass members she seeks to represent. Holland-Mull has retained counsel competent and experienced in complex class actions, and she intends to prosecute this action vigorously.

29.     **Predominance and Superiority:** The Class and Subclass alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual Class and/or Subclass member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class and/or Subclass members individually to obtain effective relief from Defendants' misconduct. Even if Class and/or members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

Class Action Complaint

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

30. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class and Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and/or Subclass as a whole. Defendants' policies challenged herein apply and affect members of the Class and Subclass uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

## Class Allegations

31. SWC, in the regular course of its business, uses the mails to send letters in order to collect debts. SWC has sent letters to Class members which are materially the same as those sent to Plaintiff: these letters (1) assert the debts are "due" and (2) purport to notify the Class members "that a negative credit report reflecting on [their] credit record may be submitted to a credit reporting agency if [they] fail to fulfill the terms of [their] credit obligations."

32. However, the debts referenced in SWC's letters to the Class members were discharged in bankruptcy and cannot be legally enforced. As a legal matter, those debts are not "due." SWC's assertion that payment is "due" is false, because (under 11 U.S.C. § 524) the discharge on those debts entered an injunction that prohibits the collection of those debts. Hence, SWC's letters mischaracterize the debts' legal status.

33. Moreover, SWC's letters state (or, in the alternative, at least imply) that SWC

may report the debts to credit reporting agencies as having a past due balance greater than zero. The Fair Credit Reporting Act which prohibits, e.g., furnishing "information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Reporting debts which are discharged in bankruptcy with a past due balance (especially without noting the debts were discharged in bankruptcy) violates the FCRA. Persons viewing the Class members' credit reports would construe SWC's threatened credit-reporting to mean that SWC still has the ability to enforce the debts personally against the Class members, and that the debts were not discharged in bankruptcy. Where the Class members' credit reports showed a legally enforceable debt, persons viewing the Class members' credit reports would assume that the Class members have fewer resources with which to pay back a new loan. Hence, SWC's letters threaten conduct that would violate the FCRA, and threaten to report information to credit reporting agencies which SWC knows or should know is false.

## COUNT I
### (Violation of the FDCPA, 15 U.S.C. § 1692e)

34. Holland-Mull incorporates by reference and realleges all paragraphs previously alleged herein.

35. SWC seeks to collect debts arising out of transactions which are primarily for personal, family, or household purposes, and meet the definition of "debts" under 15 U.S.C. § 1692a(5).

36. SWC contends that Holland-Mull and the other Class members are obligated to pay the debts at issue, that the debts are "due." Holland-Mull and the other Class members are "consumers" under the meaning of 15 U.S.C. § 1692a(3).

37. The debts which SWC asserts Holland-Mull and the other Class members are due

were discharged in bankruptcy before SWC began to attempt to collect such debts. SWC has violated the FDCPA's prohibitions on false representations of the "legal status of any debt," "threat[s] to take any action that cannot legally be taken," and/or "threatening to communicate to any person credit information which is known or which should be known to be false." 15 U.S.C. § 1692e(2)(A), (5), (8).

38.     Holland-Mull, on her own behalf and on behalf of the other members of the Subclass, prays for an award of actual damages (including amounts paid to SWC to settle discharged debts) and statutory damages, in an amount to be determined at trial, and the costs of the action (including attorneys' fees) under 15 U.S.C. § 1692k against all Defendants.

## COUNT II
### (Violation of the Rosenthal Act)

39.     Holland-Mull incorporates by reference and realleges all paragraphs previously alleged herein.

40.     Defendants are all "debt collectors" under the definition of the Rosenthal Act because they, "in the ordinary course of business, regularly, on behalf of [themselves] or others, engages in debt collection." Cal. Civ. § 1788.2(c).

41.     California Civil Code section 1788.17 incorporates sections 1692b to 1692j and the remedies under section 1692k of the FDCPA and applies them against the Rosenthal Act's broader definition of debt collectors. As set forth above, SWC has violated FDCPA provisions which included under the Rosenthal Act.

42.     Holland-Mull, on her own behalf and on behalf of the other members of the Subclass, prays for an award of actual damages (including amounts paid to SWC to settle discharged debts) and statutory damages, in an amount to be determined at trial, and the costs of the action (including attorneys' fees) under California Civil Code § 1788.17 against all

Defendants. The award of statutory damages under the Rosenthal Act is cumulative to the statutory damages award under the FDCPA. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066-68 (9th Cir. 2011).

## COUNT III
### (Violation of the CCRAA)

43. Holland-Mull incorporates by reference and realleges all paragraphs previously alleged herein.

44. The CCRAA prohibits persons from furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is inaccurate or inaccurate." Cal. Civ. Code § 1785.25(a).

45. The CCRAA specifically provides that "[i]njunctive relief shall be available to any consumer aggrieved by . . . *a threatened violation of this title* whether or not the consumer seeks any other remedy under this section." Cal. Civ. Code § 1785.31(b). Through its conduct alleged above, SWC has threatened to violate California Civil Code section 1785.25(a).

46. Holland-Mull, on her own behalf and on behalf of the other members of the Subclass, prays for injunctive relief prohibiting further violations of the CCRAA by any Defendant, as well as court costs and attorney's fees consistent with California Civil Code section 1785.31 against all Defendants.

WHEREFORE, Plaintiff Dawna Holland-Mull prays that the Court enter judgment and orders in her favor and against Defendants Southwest Credit Systems, L.P., Trigon Investors, LLC, Jeff A. Hurt, and Joe C. Longbotham, and Does 1 to 100 as follows:

    a. An order certifying the Class, directing that this case proceed as a class action, and appointing Holland-Mull and her counsel to represent the Class;

    b. Judgment against Defendants, and in favor of Holland-Mull and the other

    Class members, for statutory damages as provided by 15 U.S.C. § 1692k(a);

c. Judgment against Defendants, and in favor of Holland-Mull and the other Subclass members, for statutory damages as provided by California Civil Code § 1788.17;

d. Judgment against Defendants, and in favor of Plaintiff and the Class and Subclass, for actual damages, in an amount to be determined at trial;

e. Injunctive relief against Defendants, and in favor of Holland-Mull and the other Subclass members, which prohibits further threats to violate the CCRAA;

f. An order granting costs and attorneys' fees; and

g. Such other and further relief as this Court may deem appropriate.

Dated: May 20, 2014

    Jeremy Wilson
    Wilson Trosclair & Lovins, PLLC
    302 North Market Street, Suite 501
    Dallas, Texas 75202-2085
    (214) 484-1930 (telephone)
    (214) 276-1475 (facsimile)
    jeremy@wtlfirm.com

    Ethan Preston (admission pending)
    Preston Law Offices
    8245 North 85th Way
    Scottsdale, Arizona 85259
    (480) 269-9540 (telephone)
    (866) 509-1197 (facsimile)
    ep@eplaw.us

    *Attorneys for Plaintiff Dawna Holland-Mull, on behalf of herself and all others similarly situated*

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 23, 2014         /s/ Jeremy R. Wilson
                                                              Jeremy Wilson
                                                              Wilson Trosclair & Lovins, PLLC
                                                              302 North Market Street, Suite 501
                                                              Dallas, Texas 75202-2085
                                                              (214) 484-1930 (telephone)
                                                              (214) 276-1475 (facsimile)
                                                              jeremy@wtlfirm.com

                                                              Ethan Preston (admission pending)
                                                              Preston Law Offices
                                                              8245 North 85th Way
                                                              Scottsdale, Arizona 85259
                                                              (480) 269-9540 (telephone)
                                                              (866) 509-1197 (facsimile)
                                                              ep@eplaw.us

                                                              *Attorneys for Plaintiff Dawna Holland-Mull, on behalf of herself and all others similarly situated*

# EXHIBIT A

Exhibits to Class Action Complaint

# EXHIBIT B